UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-R3, a Delaware corporation,<br><br>       Plaintiffs,<br> v.<br>SATICOY BAY, LLC SERIES 2764 TROTWOOD, a Nevada Limited liability Company; and SMOKE RANCH MAINTENANCE DISTRICT, a Nevada nonProfit Corporation,<br><br>       Defendants. | Case No. 2:17-cv-00244-MMD-CWH<br><br>ORDER |
| SMOKE RANCH MAINTENANCE DISTRICT,<br><br>       Third-Party Plaintiff,<br> v.<br>RED ROCK FINANCIAL SERVICES, LLC,<br><br>       Third-Party Defendant. | |

**I. SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates Series 2005-R3's ("Bank") and Defendant Saticoy Bay, LLC Series 2764 Trotwood's ("Saticoy") cross-motions for summary judgment. (ECF Nos. 49, 50.) The Court has reviewed the related responses (ECF Nos. 51, 52, 53, 54) and replies (ECF Nos. 55, 56).

For the following reasons, the Court grants Saticoy's motion for summary judgment and denies the Bank's motion for summary judgment. The Court also dismisses Smoke Ranch Maintenance District's ("HOA") third party complaint as moot.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Wanda Flowers ("Borrower") purchased property ("Property") located within the HOA in 2005 with a loan ("Loan") secured by a first deed of trust ("DOT"). (ECF No. 49-2 at 2-3, 21.) The Bank obtained the beneficial interest in the DOT in October 2012. (ECF No. 49-6 at 2-3.) Prior to October 2012, only entities other than the Bank[1] owned the DOT or held a beneficial interest in the DOT. (*See* ECF No. 49 at 4.)

The HOA recorded the following notices against the Property between November 2011 and May 2014 through its agent, Red Rock Financial Services ("Red Rock"): notice of delinquent assessment lien (ECF No. 49-7); notice of default and election to sell (ECF No. 49-8); and notice of foreclosure sale (ECF No. 49-10).

The HOA sold the property at a foreclosure sale ("HOA Sale") on June 13, 2014, to Saticoy for $12,800. (ECF No. 49-11 at 2.)

The Bank asserts the following claims in the Complaint: (1) quiet title/declaratory relief under 28 U.S.C. § 2201, NRS § 30.010 *et seq.*, and NRS § 40.010 against all Defendants; (2) declaratory relief under the Fifth and Fourteenth Amendments against all Defendants; (3) quiet title under the Fifth and Fourteenth Amendments against all Defendants; and (4) permanent and preliminary injunction against Saticoy. (ECF No. 1 at 7-11.) In the prayer for relief, the Bank primarily seeks a declaration that the HOA Sale did not extinguish the DOT. (*Id.* at 11.)

The HOA asserts the following claims in its third party complaint against Red Rock: implied and express indemnity; contribution; apportionment; breach of contract; and declaratory relief. (ECF No. 7 at 10-15.)

---

[1] Though the names of these entities are similar to the name of the Bank, they are not identical.

2

## III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

In analyzing the merits of the parties' arguments, the Court presumes that the HOA Sale extinguished the DOT and that Saticoy thus owns the Property free and clear of the DOT.[2] *See Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-00240-MMD-CBC, 2019 WL 470901, at *3 (D. Nev. Feb. 6, 2019) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014)). The Court finds that the Bank fails to rebut this presumption and addresses each of its relevant arguments below.

The Bank argues that the HOA Sale did not extinguish the DOT because the HOA Sale was conducted pursuant to a facially unconstitutional statute. (ECF No. 49 at 5; ECF No. 53 at 5-12.) The Court rejects this argument just as it has in numerous other cases. *See, e.g., Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 934-37 (D. Nev. 2019).

The Bank further argues that a mortgage protection clause in the CC&Rs preserved the DOT. (ECF No. 49 at 7; ECF No. 53 at 13.) Mortgage protection clauses typically do not preserve deeds of trust because they are inconsistent with NRS Chapter 116. *See Bank of Am., N.A. v. Azure Manor/Rancho de Paz Homeowners Ass'n*, No. 2:16-cv-00764-GMN-GWF, 2019 WL 636973, at *6 (D. Nev. Feb. 14, 2019) ("The Nevada Supreme Court . . . has repeatedly held that an HOA's CC&RS, including those that provide for

---

[2]The Court rejects the Bank's argument that there is no such presumption (ECF No. 53 at 15) based on the cited authority.

mortgagee protection, do not supersede the statutory structure of NRS Chapter 116."); *see also SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014) (quoting NRS § 116.1104) ("Chapter 116's 'provisions may not be varied by agreement, and rights conferred by it may not be waived . . . .'"). Acknowledging this, the Bank argues that *SFR* is distinguishable because the CC&Rs in this case were recorded in 1987—well before Chapter 116 was enacted in 1991. (ECF No. 49 at 7-8.) The Bank contends that retroactively applying Chapter 116 to the 1987 CC&Rs would violate the Contracts Clause of the United States Constitution by disrupting vested contractual rights. (*See id.* at 8.) However, the DOT was executed in 2005, and the Bank obtained a beneficial interest in the DOT in 2012. (ECF No. 49-2 at 2, 16; ECF No. 49-6 at 2-3.) "Consequently, neither [the Bank] nor its predecessors were parties (either directly or as intended third-party beneficiaries) to the CC&Rs at the time of Chapter 116's enactment in 1991." *Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, No. 2:18-cv-00978-APG-CWH, 2019 WL 982378, at *3 (D. Nev. Feb. 28, 2019). "They thus had no vested or existing contractual rights that the change in the law might impair." *Id.* Accordingly, the Court rejects the Bank's argument.

The Bank further argues that it is entitled to equitable relief. (ECF No. 49 at 9.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, the Bank has not demonstrated fraud, unfairness, or oppression. The Bank first argues that Red Rock intended to conduct a subpriority sale to avoid extinguishing the DOT. (ECF No. 49 at 12.) But the Bank has not argued or

5

alleged how Red Rock's intent to conduct a subpriority sale actually affected the sales price. (*See id.*) "[T]he fraud, unfairness, or oppression must have 'affected the sales price.'" *Bank of N.Y. Mellon v. Nev. Ass'n Servs., Inc.*, No. 2:16-cv-00370-APG-BNW, 2019 WL 2427938, at *4 (D. Nev. June 10, 2019) (quoting *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 161 (Nev. 2019) (en banc)). The Bank also relies on the mortgage protection clause in the CC&Rs to establish unfairness. (ECF No. 49 at 14.) But a mortgage protection clause alone is insufficient evidence of unfairness to warrant setting aside an HOA foreclosure sale. *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018). Accordingly, the Bank has not demonstrated that it is entitled to equitable relief.

Given that the Bank failed to rebut the presumption that the HOA Sale extinguished the DOT, the Court will deny the Bank's motion for summary judgment and grant Saticoy's motion for summary judgment.

**V.     THE HOA'S THIRD PARTY COMPLAINT**

The HOA's claims in the third party complaint are largely contingent on the Bank recovering against the HOA. (*See, e.g.*, ECF No. 7 at 12 ("[I]f [the Bank] recovers against HOA, then HOA is entitled to implied indemnity from [Red Rock].").) Given that the Bank will not recover against the HOA in this action, the Court dismisses the HOA's third party complaint as moot.

**VI.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Saticoy's motion for summary judgment (ECF No. 50) is granted. The Court finds that the HOA Sale extinguished the DOT and that Saticoy took the Property free and clear of the DOT.

///

It is further ordered that the Bank's motion for summary judgment (ECF No. 49) is denied.

It is further ordered that the HOA's third party complaint is dismissed as moot.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED THIS 18th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE